# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL CALUSINSKI and CHERYL CALUSINSKI on behalf of themselves and others similarly situated, | : : : : |
| Plaintiffs, | : Case No. 19-cv-05680 : |
| v. | : : |
| NATIONAL VEHICLE PROTECTION SERVICES, INC. | : : : |
| Defendants. | : : |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiffs Paul Calusinski and Cheryl Calusinski ("Plaintiffs") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. National Vehicle Protection Services, Inc. ("NVPS") themselves, or through a vendor of theirs, made pre-recorded telemarketing calls to the residential telephone number of Plaintiffs to market extended vehicle warranties in violation of the TCPA.

3. The Plaintiffs never consented to receive the calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Paul Calusinski is a resident of Illinois in this District.

6. Plaintiff Cheryl Calusinski is a resident of Illinois in this District.

7. Defendant National Vehicle Protection Service, Inc. is a Missouri corporation that has its principal office in St. Charles MO. Defendant NVPS themselves, and through third parties, place telemarketing calls into this District, as they did with the Plaintiffs.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs are residents of this district, which is where they received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior

express consent of the called party, unless the call is initiated for emergency purposes." *See* 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**The Continued Problem of Automated Telemarketing Calls**

15. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016),

https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

16. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

17. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

18. *The New York Times* reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019 (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html

**Illinois Automatic Telephone Dialers Act**

19. In Illinois, the Automatic Telephone Dialers Act ("ATDA") also prohibits, inter alia, "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/15(d). The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30.

20. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

**Factual Allegations**

Calls to the Calusinskis

21. The telephone number in question, (847) 426-XXXX, is a residential number.

22. The number has been on the National Do Not Call Registry for more than ten years prior to the receipt of the calls at issue.

23. Plaintiffs have never removed his residential telephone number from the National Do Not Call Registry.

24. On May 8, May 10, and in June and July 2019 Plaintiffs received pre-recorded telemarketing calls from NVPS, or a vendor they were using.

25. The calls was made from the Caller ID (847) 852-4481 and (847) 443-0384.

26. The purpose of these calls was to market Extended Vehicle Service Plans.

27. Plaintiffs and all members of the classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiffs' telephone line from legitimate communication.

5

28. Plaintiffs has not provided Defendant with his prior express written consent to place telemarketing calls to them.

**Class Action Allegations**

29. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

30. The classes of persons Plaintiffs propose to represent are tentatively defined as:

Do Not Call List Class

> All persons within the United States to whom: (a) Defendans and/or a third party acting on their behalf, made at least two telephone solicitation calls during a 12-month period; (b) to a residential telephone number; (c) at any time in the period that begins four years before the date of filing this Complaint to trial.

AUTODIALED TCPA CLASS

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

IL ATDA SUBCLASS

All Illinois residents to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

31. Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The classes as defined above are identifiable through phone records and phone number databases.

33. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

34. Plaintiffs is a member of the classes.

35. There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendant's calls are solicitations;

    c. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call;

    d. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Defendant's actions.

36. Plaintiffs' claims are typical of the claims of class members.

37. Plaintiffs are adequate representatives of the classes because their interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. The actions of the Defendants are generally applicable to the classes as a whole and to Plaintiffs.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

40. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

41. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violations of the TCPA's Do Not Call Provisions**

42. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

43. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission.

44. The Defendants' violations were negligent and/or willful.

## Count Two:
### Violation of the TCPA's Automated Telemarketing Call Provisions

45. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46. The Defendant violated the TCPA by (a) initiating telephone solicitations to the Plaintiffs' residential telephone line using a pre-recorded message, or (b) by the fact that others made those calls on their behalf.

47. The Defendant's violations were negligent and/or willful.

## Count Three:
### Violations of the ATDA, 815 ILCS 305/1 *et seq.*

48. Plaintiffs reallege and incorporates the foregoing allegations as if set forth fully herein.

49. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

50. Under the ATDA, an "autodialer" or "autodialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a). A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).[1]

51. The Defendant did not have the consent of Plaintiffs or the other members of the ATDA Sub-Class to play a prerecorded message placed by an autodialer.

---

[1] The term "autodialer" or "autodialer system" does not include "device[s] associated with a burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5(a).

52. Nonetheless, the Defendant called the phones of Plaintiffs and the other members of the ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiffs' or the other ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

53. Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiffs and the other ATDA Sub-Class members, without such persons' consent.

54. As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiffs and the other members of the ATDA Sub-Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

## **Relief Sought**

For themselves and all Classes members, Plaintiffs request the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiffs as representatives of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and the Illinois ATDA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiffs and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiffs requests a jury trial as to all claims of the complaint so triable.**


PLAINTIFFS PAUL AND CHERYL CALUSINSKI,
By their attorneys

*/s/ Keith J. Keogh*